**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | | |
|---|---|---|
| LODSYS GROUP, LLC, | § | |
| | § | |
| Plaintiff, | § | CIVIL ACTION NO.  2:13-cv-60 |
| | § | |
| v. | § | |
| | § | **JURY TRIAL DEMANDED** |
| GENERAL MOTORS, INC.; | § | |
| | § | |
| Defendant. | § | |

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff Lodsys Group, LLC ("Lodsys"), for its complaint against the above-named defendant, alleges as follows:

### THE PARTIES

1.      Lodsys is a Texas limited liability company with its principal place of business in Marshall, Texas.

2.      Defendant General Motors, Inc. ("GM") is a Delaware corporation with its principal place of business in Detroit, Michigan.

### JURISDICTION AND VENUE

3.      This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a), because this action arises under the patent laws of the United States, 35 U.S.C. §§ 1 *et seq.*   Venue is proper in this federal district pursuant to 28 U.S.C. §§1391(b)-(c) and 1400(b) in that defendant resides in this district, a substantial part of the events giving rise to the claims occurred in this district, and/or the defendant has a regular and established practice of business in this district and have committed acts of infringement in this district.

4.      This Court has general and specific personal jurisdiction over defendant, because defendant has substantial contacts with the forum as a result of conducting substantial business in the State of Texas and within this district.   Upon information and belief, defendant regularly

1

solicits business in the State of Texas and this district; derives revenue from products and/or services provided to individuals residing the State of Texas and this district; conducts business utilizing the claimed systems and methods with and for customers residing in the State of Texas and this district; and provides and/or markets products and services directly to consumers in the State of Texas and this district.

### INFRINGEMENT OF U.S. PATENT NO. 7,620,565

5.      On November 17, 2009, U.S. Patent No. 7,620,565 (the "'565 patent") was duly and legally issued for a "Customer-Based Product Design Module."  A true and correct copy of the '565 patent is attached hereto as Exhibit A.  Lodsys is the owner by assignment of all rights, title, and interest in and to the '565 patent.

6.      Defendant GM has infringed directly, indirectly, literally, under the doctrine of equivalents, contributorily, and/or through the inducement of others (including but not limited to users of GM's website(s)), one or more of the claims of the '565 patent.   GM manufactures, uses, sells, imports, and/or offers to sell infringing products and/or services — including but not limited to GM's website www.buick.com, with live interactive chat and feedback soliciting features — which infringe at least claim 15 of the '565 patent under 35 U.S.C. § 271.

7.      Defendant's acts of infringement have caused damage to Lodsys, and Lodsys is entitled to recover from defendant the damages sustained by Lodsys as a result of defendant's wrongful acts in an amount subject to proof at trial.  Defendant's infringement is willful and deliberate, including because defendant became aware of the infringing nature of their respective products and services at the latest when they received a notice letter from Lodsys and/or the filing of Lodsys's Complaint, entitling Lodsys to increased damages under 35 U.S.C. § 284 and to attorneys' fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.

### INFRINGEMENT OF U.S. PATENT NO. 7,222,078

8.      On May 22, 2007, U.S. Patent No. 7,222,078 (the "'078 patent") was duly and legally issued for "Methods and Systems for Gathering Information from Units of a Commodity

Across a Network."  A true and correct copy of the '078 patent is attached hereto as Exhibit B. Lodsys is the owner by assignment of all rights, title, and interest in and to the '078 patent.

9.     Defendant GM has infringed directly, indirectly, literally, under the doctrine of equivalents, contributorily, and/or through the inducement of others (including but not limited to users of GM's website), one or more of the claims of the '078 patent.   GM manufactures, uses, sells, imports, and/or offers to sell infringing products and/or services — including but not limited to GM's website www.buick.com, with live interactive chat and feedback soliciting features — which infringe at least claim 1 of the '078 patent under 35 U.S.C. § 271.

10.     Defendant's acts of infringement have caused damage to Lodsys, and Lodsys is entitled to recover from defendant the damages sustained by Lodsys as a result of defendant's wrongful acts in an amount subject to proof at trial.  Defendant's infringement is willful and deliberate, including because defendant became aware of the infringing nature of their respective products and services at the latest when they received a notice letter from Lodsys and/or the filing of Lodsys's Complaint, entitling Lodsys to increased damages under 35 U.S.C. § 284 and to attorneys' fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.

## JURY DEMAND

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Lodsys respectfully requests a trial by jury on all issues.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Lodsys Group, LLC, respectfully requests entry of judgment in its favor and against defendant as follows:

(a)     Declaration that defendant has infringed U.S. Patent No. 7,620,565 and U.S. Patent No. 7,222,078;

(b)     Awarding the damages arising out of defendant's infringement of U.S. Patent No. 7,620,565 and U.S. Patent No. 7,222,078 to Lodsys, together with pre-judgment and post-judgment interest, in an amount according to proof;

(c)     Finding defendant's infringement to be willful from the time that defendant became aware of the infringing nature of its respective products and services, which is the time of receiving a notice letter from Lodsys or the filing of Lodsys's Complaint at the latest, and awarding treble damages to Lodsys for the period of such willful infringement pursuant to 35 U.S.C. § 284;

(d)     Awarding attorneys' fees pursuant to 35 U.S.C. § 285 or as otherwise permitted by law; and

(e)     Awarding such other costs and further relief as the Court may deem just and proper.

Dated:  January 29, 2013               Respectfully Submitted,

                             By:     /s/ William E. Davis, III
                                     William E. Davis, III
                                     Texas State Bar No. 24047416
                                     **THE DAVIS FIRM, PC**
                                     111 West Tyler Street
                                     Longview, Texas 75601
                                     Phone:  (903) 230-9090
                                     Fax:  (903) 230-9090
                                     Email:  bdavis@bdavisfirm.com

                                     Michael A. Goldfarb
                                     Christopher M. Huck
                                     Kit W. Roth
                                     **KELLEY, GOLDFARB,**
                                     **GILL, HUCK & ROTH, PLLC**
                                     700 Fifth Avenue, Suite 6100
                                     Seattle, Washington 98104
                                     Phone:  (206) 452-0260
                                     Fax:  (206) 397-3062
                                     Email: goldfarb@kdg-law.com
                                             huck@kdg-law.com
                                             roth@kdg-law.com

                                     Attorneys for Plaintiff Lodsys Group, LLC